UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

IL SUN JUNG,

                                    Plaintiff,

            -against-

MAYOR OF NEW YORK MICHAEL R.
BLOOMBERG; GOVERNOR OF NEW YORK
DAVID A. PATERSON in their official capacity,

                                    Defendants.
------------------------------------------------------------x

**NOT FOR PUBLICATION**

**MEMORANDUM AND ORDER**

10 Civ. 0118 (BMC)

**COGAN,** District Judge.

On January 12, 2010, plaintiff Il Sun Jung, appearing *pro se*, filed this action against

defendants Mayor Bloomberg and Governor Paterson. Plaintiff paid the requisite filing fee to

commence this action. For the reasons set forth below, the complaint is dismissed.

Plaintiff alleges that he is "a target of electronic harassment, mind control, directed

energy weapons, organized stalking, electronic torture and human experimentation." Compl. at ¶

IV(1). Plaintiff further contends that:

> This Microwave Mafia blasted electromagnetic signals all over
> new york city without any reconization thus wanton violations. I
> requested city of new york to detect and monitor radio frequency
> that i broadcast and sent from hidden locations. I sent numerous
> letters in the past and I don't know what's going on.

Id. at ¶ IV(10) [sic throughout]. Plaintiff alleges that Mayor Bloomberg and Governor Paterson

have "all the power and authorities to prevent this kind of abuses and torture." Id. at ¶ IV(11).

Plaintiff requests a "Quest Diagnostics DNA Test" in order to determine "if there is

implanted tracking devices existed in plaintiffs body." Id. at ¶ IV(8). Plaintiff also seeks

$866,777.99 in damages and protection from electronic stalking and torture. Id. at ¶ VIII.

In reviewing plaintiff's complaint, the Court is mindful that, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted); Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). However, "district courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee, just as the Court of Appeals may dismiss frivolous matters in like circumstances." Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 364 (2d Cir. 2000). An action is frivolous as a matter of law when, *inter alia*, "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy," or it is "based on an indisputably meritless legal theory." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation and citation omitted).

Even under a liberal reading, plaintiff's allegations are "the product of delusion or fantasy" and are factually frivolous. Id. at 437; see also Denton v. Hernandez, 504 U.S. 25, 33 (1992). Accordingly, the complaint is dismissed as frivolous pursuant to Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 364 (2d Cir. 2000). Although plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/Signed by Judge Brian M. Cogan/

U.S.D.J.

Dated: Brooklyn, New York
January 19, 2010

2